

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:00CR287

MELDON IRVIN WASHINGTON

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on April 30, 2004, the Court denied a motion under 28 U.S.C. § 2255 filed by Meldon Irvin Washington. (ECF Nos. 62-63.) On October 4, 2013, the Court received a successive, unauthorized 28 U.S.C. § 2255 motion from Washington ("§ 2255 Motion," ECF No. 110). By Memorandum Opinion and Order entered on December 18, 2013, the Court dismissed the § 2255 Motion for want of jurisdiction. On April 18, 2014, the Court received a letter from Washington wherein he requests that the Court reconsider the December 18, 2013 decision in light Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014).[1]

The decision in Whiteside fails to alter the fact that, because the United States Court of Appeals for the Fourth

---

[1] In Whiteside, the United States Court of Appeals for the Fourth Circuit concluded, inter alia, that an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable in a 28 U.S.C. § 2255 motion. Whiteside, 748 F.3d at 551-55. On July 10, 2014, the Fourth Circuit granted rehearing en banc. Whiteside v. United States, --- F. App'x ----, Nos. 13-7152, 1:09-cr-00069-MR-1, 1:12-cv-00118-MR, 2014 WL 3377981, at *1 (4th Cir. July 10, 2014).

Circuit had not authorized this Court to entertain Washington's successive § 2255 Motion, the Court lacked jurisdiction to entertain the § 2255 Motion. Accordingly, Washington's Motion for Reconsideration (ECF No. 113) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Washington fails to satisfy this standard. Accordingly, a COA will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Washington and counsel for the United States.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 5, 2014